UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | No. 1:18-cr-00059-001-TRM-CHS |
| v. | ) | |
| | ) | |
| EDWARD COLLINS | ) | |

## **MEMORANDUM AND ORDER**

EDWARD COLLINS ("Defendant") came before the Court for an initial appearance on May 2, 2023, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender under Supervision ("Petition") [Doc. 46].

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wanted to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** Attorney Christopher Meadows to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Kyle Wilson explained to Defendant the specific charges contained in the Petition. Defendant acknowledged that he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived a preliminary hearing, but requested a detention hearing.

The undersigned conducted the detention hearing on the same date. The Government relied upon the sworn allegations in the Petition [Doc. 46] as well as the testimony of United States Probation Officer Tyler Reeves. Defendant relied upon Attorney Christopher Meadows cross-examination of the witness. Both attorneys were given an opportunity to argue their positions to the Court.

The Petition includes a recitation of the violation of the specific conditions of supervision committed by Defendant, *to wit*:

- Defendant must not unlawfully possess a controlled substance.
- Defendant must refrain from unlawful use of a controlled substance.
- Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of release from imprisonment or of the time he was sentenced, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
- After initially reporting to the probation office, Defendant will receive instructions from the court of the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
- Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer.
- Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer.

Defendant's current (second) period of supervision commenced on November 23, 2021. During the eight month period prior to the signing of the Petition on August 12, 2022, Defendant tested positive for cocaine on four separate occasions; he tested positive for THC once; and he admitted use of THC on one other occasion. He failed to report within 72 hours of his release from imprisonment, and he failed to report to the probation office as directed on two other occasions. Defendant has a number of very serious health problems, and use of illegal controlled substances is detrimental to his health.

With respect to the detention hearing, the undersigned is obligated to start with the rebuttable presumption that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Based on the evidence adduced at the hearing, the Court concludes that Defendant has not overcome that presumption. Based on the allegations in the Petition and the testimony during the hearing, the Court finds by clear and convincing evidence that Defendant is a danger to any other person or to the community and that he poses a risk of flight. Consequently, the Court **GRANTED** the motion to detain Defendant pending disposition of the Petition or further order of this Court.

It is, therefore, **ORDERED** that:

1. Counsel for Defendant and the Government shall confer and make best efforts to submit to the United States District Judge a proposed Agreed Order with respect to an appropriate disposition of the Petition.

2. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before the United States District Judge.

3. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further Order of this Court is **GRANTED**.

**ENTER**.

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE